## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HARRIET U. WILLIS, | COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-03879 |
| TRANSWORLD SYSTEMS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes HARRIET U. WILLIS ("Plaintiff"), by and through her undersigned attorneys, complaining as to the conduct of TRANSWORLD SYSTEMS, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"),  815 ILCS 505/1 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.    This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4.    Plaintiff is a consumer over 18 years of age residing in Cook County, Illinois which lies within the Northern District of Illinois.

5.    Defendant is a debt collection agency offering, among others, third-party collections. It prides itself for being "fair, respectful, honest and law-abiding."[1] It claims to have "mastered the art of location, built analytics-driven workflows, and layered in a dynamic communications platform to facilitate effective and expedited debt recovery."[2] Defendant is incorporated in the State of California and has its principal place of business at 500 Virginia Drive, Ste. 514, Fort Washington, PA 19034. Defendant regularly collects from consumers in the State of Illinois.

6.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7.    The instant action arises out of Defendant's attempts to collect upon a consumer obligation ("subject debt") in the amount of roughly $12K that Plaintiff allegedly co-signed for her son.

8.    The subject debt purportedly stemmed from a personal loan Plaintiff's son obtained to purchase household goods and/or services.

9.    Upon information and belief, following the alleged default by Plaintiff's son, the subject debt was turned over to Defendant for collections.

---

[1] https://tsico.com/services/third-party-collections/
[2] Ibid.

10.   Around late June 2021, Defendant began calling Plaintiff's cellular number (773) XXX-4604 to collect upon the subject debt.

11.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4604.   Plaintiff is and always has been financially responsible for the cellular phone and its services.

12.   Defendant has used several phone numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (312) 392-1618 and (800) 810-0592.

13.   Upon information and belief, the above aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

14.   Plaintiff spoke with Defendant and expressly revoked consent for Defendant to call her and requested that Defendant cease calling.

15.   Plaintiff also informed Defendant that she was not working and could not pay back the debt.

16.   Defendant nonetheless kept on urging Plaintiff to set up payment plans for the subject debt.

17.   Additionally, despite Plaintiff's demand for it to stop, Defendant continued placing collection calls to Plaintiff's cellular phone.

18.   Frustrated over Defendant's conduct, Plaintiff spoke with her attorneys regarding her rights, resulting in exhausting time and resources.

19.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

20.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unconsented-to collection telephone

3

calls, emotional distress stemming from the worry that Defendant would not cease calling irrespective of her demand.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

23. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

24. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

25. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**a. Violations of FDCPA § 1692c(c) and § 1692d**

26. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(1), provides that "a debt collector may not communicate with a consumer in connection with the collection of any debt - - (1) at any unusual time . . . or a time . . . which should be known to be inconvenient to the consumer . . . ." Moreover, the FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits one from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant repeatedly called Plaintiff after she demanded that Defendant cease calling her. This repeated behavior of systematically calling Plaintiff's phone in spite of Plaintiff's demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff into submission.

28. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct in placing the calls was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

29. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

31. Defendant violated §§ 1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. In spite of the fact that Plaintiff demanded that Defendant stop contacting her, Defendant continued to contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed multiple phone calls to Plaintiff's cellular phone in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

5

32. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated § 1692f when it unfairly and unconscionably continued to contact Plaintiff in defiance of her express revocation of consent to be called.

34. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff HARRIET U. WILLIS respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

37. Defendant's collection calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

38. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

39. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to ignore Plaintiff's plea not to be contacted by continuing its collection calls to Plaintiff. Plaintiff also informed Defendant that she was unable to pay the subject debt due to her financial situations. It was unfair and unconscionable for Defendant to pressure Plaintiff to set up payment plans and therefore lock Plaintiff into further obligation to pay.

40. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

41. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

42. As pled in paragraphs 18 through 20, Plaintiff has suffered actual damages as a result of Defendant's unlawful collection practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff HARRIET U. WILLIS respectfully requests that this Honorable

Court enter judgment in her favor as follows:

      a.   Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

      b.   Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

      c.   Awarding Plaintiff costs and reasonable attorney fees;

      d.   Enjoining Defendant from further contacting Plaintiff; and

      e.   Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: July 21, 2021

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com


s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. #6323891
*Counsel for Plaintiff*
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 575-8181 ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com

Respectfully Submitted,

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
*Counsel for Plaintiff*
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com